NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008*
Decided April 2, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3638

| | |
|---|---|
| COLIN N. GELFORD, et. al, | Appeal from the United States District Court |
| *Plaintiffs-Appellants*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-C-258-S |
| | |
| MATTHEW FRANK, et. al, | John C. Shabaz, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This appeal arises from a 125-page, 529-paragraph complaint that inmates Colin Gelford, Matthew Beardin, and Lorenzo Winford brought under 42 U.S.C. § 1983 against the head of the Wisconsin Department of Corrections and seven of his employees. The district court dismissed the action, partly at initial screening, see 28 U.S.C. § 1915A, and partly at

---

*After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

summary judgment. The plaintiffs raise a number of arguments on appeal, but most require no discussion. For our purposes the plaintiffs, all practitioners of the Wiccan faith, narrowly contend on appeal that the district court should have allowed a trial on their claims that several of the named defendants violated their constitutional and statutory rights by impeding their access to specific Wiccan divination tools, a particular Pentagram emblem, and two books. Like the district court, we conclude that the plaintiffs failed to submit sufficient evidence to demonstrate a material issue of fact on these claims, and accordingly we affirm the judgment.

For the most part the relevant facts are undisputed. The DOC recognizes Wicca as a Pagan faith and allows adherents to practice the religion in state prisons, including at Redgranite Correctional Institution, the focus of this case. As is true with inmates who practice other faiths, Wiccans are permitted to keep in their possession a limited amount of personal property, including items of religious nature identified on an approved list. That list presently includes one small emblem, a Book of Shadows, a log or notebook, oil, a calendar, a feather, a reflective surface, books and publications, and artwork. *See* DOC 309 IMP 6A (effective Mar. 1, 2006) & Addendum (Apr. 2007). For their one emblem Wiccans may choose from the Ogham, Triangle, Triskele, Pentagram, or Thor's Hammer. *Id.* Wiccans, like other religious inmates, also have access to items of a religious nature designated by staff for congregate use. Items approved for congregate use by members of Pagan religions include an altar and altar cloths, a Pentagram for display on the altar, candles, incense, a wooden wand, a chalice, a bell, a pentacle dish and salt, a cauldron, audio and video tapes, books and publications, and artwork. The list of religious items approved for personal or congregate use was created with input from members of religious groups in the community and is revised periodically. Inmates can request that other items be added to the approved list.

Gelford and Beardin (and Winford, we assume, although this is disputed) requested in 2006 that they be allowed to purchase divination tools which, they say, are necessary to practice their Wiccan faith. They specifically asked to acquire tarot cards, runes, Ogham sticks, pendulums, scrying mirrors, and I Ching coins or sticks. Leo Campbell, the chaplain at Redgranite and one of the defendants here, recommended that their requests be denied, principally because these items are not on the list of approved religious items. Chaplain Campbell also noted that the inmates could use the permitted "reflective surface" as a substitute for a scrying mirror, and that a Wiccan "advisor" had told him that tarot cards are unnecessary to the practice of Wicca. Timothy Lundquist, another defendant and the co-chair of the DOC's Religious Practices and Advisory Committee, concurred with Chaplain Campbell. Lundquist reasoned that the requested items were not needed because the religious consultants who helped develop the list of approved religious items believed

that nothing excluded from the list was necessary for pagan spiritual expression. Lundquist had the final say.

Gelford previously had made other requests not joined by his co-plaintiffs. As relevant here, he wanted a Celtic Pentagram emblem and two books, *The Complete Book of Witchcraft* and *Secrets of the Magickal Grimoires: The Classical Texts of Magick Deciphered*. In 2004 when he requested the Pentagram, it was not yet on the list of approved emblems, and so Steve Casperon, the warden at Redgranite and also a defendant, denied his request on Chaplain Campbell's recommendation. But in March 2006—more than a year before this lawsuit was filed—the DOC amended the list of approved religious items by allowing Pentagram emblems. As for the books, they initially were disallowed by a security officer or Chaplain Campbell after Gelford ordered them in 2005, but in both instances Gelford was permitted to have them after further administrative review.

Gelford, Beardin, and Winford claim that the defendants are violating their rights under the Religious Land Use and Institutionalized Persons Act of 2000, *see* 42 U.S.C. § 2000cc-1 to § 2000cc-5, by refusing to let them have the particular divination tools they want. Gelford adds that his rights under the statute were further violated during the period he waited while reviewing officials satisfied themselves that the books he ordered did not present security concerns. Gelford also claims that the defendants violated his First Amendment right to freely exercise his Wiccan faith by preventing him from having a Pentagram emblem before the list of approved emblems was amended. In rejecting the inmates' claims at summary judgment, the district court reasoned that their ability to practice their Wiccan faith had not been substantially burdened, and so they could not prove a violation of RLUIPA. The court further reasoned that because the protection offered by the Free Exercise Clause is more limited than RLUIPA, neither could Gelford establish a constitutional violation arising from his delayed access to a Pentagram emblem.

Based on the inmates' presentation here, we agree with the district court's analysis. Although our review is de novo, *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 977 (7th Cir. 2008), we are not obligated to comb the record searching for factual support to shore up a litigant's arguments, *see Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir.2004). What is missing in this case, as far as we can tell, is any evidence from which a jury might find that the religious items requested by the appellants are significant enough to Wiccan practitioners that being denied access would necessarily impose a substantial burden on their religious exercise. Under RLUIPA, prison officials may not "impose a substantial burden on the religious exercise" on inmates. *See* 42 U.S.C. § 2000cc-1(a). To prevail at summary judgment, then, inmates must submit evidence demonstrating that the burden imposed denied them something distinctly important for effective religious practice. *See*

*Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006). An inmate's "unreasoned say-so" is not enough to show a material issue of fact on this question. *Borzch*, 439 F.3d at 390.

Gelford, Beardin, and Whitener assert that the religious items they requested are necessary for them to effectively practice Wicca. But while their preference for these items is clear, they do not point us to objective record evidence corroborating their "unreasoned say-so" or suggesting that their religious practice could be substantially burdened in the absence of these items. Therefore, the district court properly granted summary judgment in favor the defendants on the RLUIPA claim. Finally, because Gelford failed to meet his burden under RLUIPA, he similarly failed to establish that the prison regulations in question burdened a "central religious belief or practice" in violation of the Free Exercise Clause and therefore summary judgment was appropriate on this claim. *See Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989).

AFFIRMED.